Melanie MANSER

v.

Eleanor C. CHIMENTO et al.

No. 85–93–Appeal.

Supreme Court of Rhode Island.

April 14, 1987.

Roderick A. Cavanagh, Wakefield, for plaintiff.

Raymond A. LaFazia, Netti C. Vogel, Gunning, LaFazia & Gnys, Inc., Providence, for defendants.

## OPINION

MURRAY, Justice.

This case is before the court on the cross-appeals of the plaintiff, Melanie Manser, and the defendants, Eleanor C. and George F. Chimento, to obtain relief for injuries and property damage incurred as a result of an automobile accident. A jury found the parties equally negligent and awarded damages to each. According to the parties, there being no record before us, the trial justice then ruled that the statute of limitations barred the defendants' counterclaim for personal injuries and precluded recovery. In addition, there being no record before us, the parties represent that the trial justice allowed the defendants to recoup their losses by using the amount of their judgment to reduce the amount of the judgment awarded to the plaintiff.

On April 21, 1979, an automobile driven by Melanie Manser collided with another vehicle which was owned by George Chimento and driven by Eleanor Chimento. On April 20, 1982, one day before the expiration of the statute of limitations for bringing the action, plaintiff filed a complaint against defendants in the Washington County Superior Court to recover for personal injuries she incurred as a result of the accident. The defendants counterclaimed in their answer, which was filed on June 4, 1982, for personal injuries and for property damage. The plaintiff raised as a defense to defendants' counterclaims the three-year statute of limitations, G.L.1956 (1969 Reenactment) § 9–1–14, as amended by P.L.1976, ch. 188, § 1.

The case was brought before a jury on April 23, 1984. The jury rendered a verdict finding each driver 50 percent negligent. Damages were awarded to plaintiff in the amount of $15,399.40 for personal injuries, and to defendants in the amount of $34,-460. for personal injuries and $500 for property damage. These awards were each reduced by 50 percent in accordance with G.L.1956 (1985 Reenactment) § 9–20–4, which provides for reduction of the amount awarded according to the percentage of comparative negligence of the parties. Accordingly, the parties were awarded damages in the following amounts: $7,699.70 to Melanie Manser for personal injuries; $17,230 to Eleanor Chimento for personal injuries; and $250 to George Chimento for property damage.

Judgment on the verdict was entered on April 25, 1984, and filed therewith were two copies of the verdict. Then each of the parties moved for a new trial. The motions were apparently denied on May 9, 1984, according to the trial court face sheet. In addition, plaintiff made a motion for a directed verdict which was denied. Both parties appealed.

The parties assert that after denying the motions for new trial and directed verdict, the trial justice ruled that the award of $17,230 to Eleanor Chimento for personal injuries was not recoverable because the statute of limitations had expired for the personal-injury claim. They further allege that the trial justice permitted Ms. Chimento to use her award to reduce, by way of recoupment, the award of $7,969.70 made to Melanie Manser.

There is nothing in the record before us to suggest that the trial justice ever ruled that the statute of limitations for Eleanor Chimento's personal injury claim had expired. Nor does the record reflect that the trial justice permitted Ms. Chimento to use her award to reduce the award made to Melanie Manser. Moreover, the record fails to reflect any proceedings leading up to either of these rulings. We find no motion, no hearing, no decision, no transcript, and no order entered. Nevertheless, the parties rely on these allegations as the basis for their cross-appeals.

As a result of the deficiencies in the record before us, it is impossible for us to determine the merits of this appeal. For these reasons the cross-appeals of the parties are denied and dismissed. The Superior Court judgment is affirmed.

WEISBERGER, J., did not participate.